# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **KEVIN DOTSON,** | ) | **Civil Action No. 7:13-cv-00476** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DAVID RYAN TELLER, <u>et al.</u>,** | ) | **By:** **Hon. Michael F. Urbanski** |
| **Defendants.** | ) | **United States District Judge** |

Kevin Dotson, a Virginia inmate proceeding <u>pro se</u>, filed this action pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1331 and § 1343. Plaintiff names as defendants Commonwealth's Attorney Brian Patton, Assistant Commonwealth's Attorney Reece H. Robertson, and private attorney David Ryan Teller. Plaintiff seeks $150,000,000 or quicker release from incarceration because he believes his state-court convictions were unlawful.

The court dismisses this action without prejudice as frivolous for pursuing indisputably meritless legal theories.[1] <u>See, e.g.</u>, <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). It is well settled that an inmate's sole remedy in federal court to request a speedier release from custody is a properly-filed petition for a writ of habeas corpus.[2] <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973) (stating that a writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). It is also well settled that a § 1983 claim cannot succeed where a judgment in the inmate's favor would necessarily demonstrate the invalidity of confinement. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-88 (1994). Awarding Plaintiff $150,000,000 for alleged

---

[1] Although the court liberally construes <u>pro se</u> complaints, the court may not act as an inmate's advocate, <u>sua sponte</u> developing statutory and constitutional claims not clearly raised in a complaint. <u>See</u> <u>Brock v. Carroll</u>, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985); <u>see also</u> <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a <u>pro se</u> plaintiff).

[2] Plaintiff's recently filed petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, remains pending with this court in <u>Dotson v. Commonwealth of Virginia, et al.</u>, No. 7:13-cv-00529.

violations of due process and the right to effective counsel during his criminal proceedings requires finding the criminal judgments to be unlawfully imposed.  Moreover, Patton and Robertson have prosecutorial immunity from damages for their acts and omissions while prosecuting Plaintiff, and Teller did not act under color of state law when he represented Plaintiff in the criminal proceedings.  See, e.g., Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).  Accordingly, Plaintiff pursues indisputably meritless legal theories to recover money and compel his release via 42 U.S.C. § 1983 while still incarcerated and without showing favorable termination of the criminal proceedings.  See Heck, 512 U.S. at 487 (noting favorable termination is when the conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal or federal court).

Entered:  December 5, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge